Argued and submitted February 7, affirmed April 3, 2003

## D. K. REALTEC, INC.,
### an Arizona corporation,
### *Respondent,*

*v.*

## James WARREN
### and Jane Doe Warren,
### dba Bristol Construction,
### *Appellants.*

### 99P 1225; A110917

66 P3d 552

Steven M. Lippold argued the cause for appellants. With him on the briefs was Clark, Lindauer, Fetherston, Edmonds & Lippold.

Robert J. Thorbeck argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

KISTLER, J.

**KISTLER, J.**

A default judgment was entered against defendants James and Jane Warren in Arizona and later registered in Oregon.[1] Defendants moved to set aside the Oregon judgment because the Arizona courts lacked personal jurisdiction over them. *See* ORCP 71 B. The trial court denied the motion because defendants had failed to bring it within a reasonable time. We affirm on different grounds.

Defendants are Oregon residents. In 1998, plaintiff brought an action against defendants, doing business as Bristol Construction, in Arizona Superior Court. Plaintiff served a summons and complaint on defendants, but they did not appear in response to the summons. The Arizona Superior Court entered a default judgment against defendants in 1999. They received notice of that judgment but took no action. Plaintiff registered the Arizona judgment in Oregon in 1999, and notice was sent to defendants. Defendants again took no action until ordered to appear at a judgment debtor examination. At that time, they paid part of the amount owing on the judgment.

In May 2000, defendants received notice of a sheriff's sale of real property that they owned in Oregon. At that point, they moved to stay the sale and have the judgment set aside. Defendants' primary contention was that the Arizona court had lacked personal jurisdiction over them. At approximately the same time, defendants initiated parallel proceedings in Arizona to have the Arizona judgment set aside for lack of personal jurisdiction. The Oregon trial court denied defendants' motion. It did not decide whether the Arizona courts had personal jurisdiction over defendants; rather, it ruled that they had not brought the motion to set the judgment aside within a reasonable time under ORCP 71 B.

On appeal, defendants raise two issues. They argue initially that the trial court erred in finding that they waited too long to bring their motion to set aside the judgment;

---

[1] The Warrens were the defendants in the Arizona action and also in this action. Similarly, D. K. Realtec, Inc., the plaintiff in the Arizona action, is the plaintiff in this action.

defendants contend that they can move to set aside a judgment for lack of personal jurisdiction at any time. Defendants argue next that, if we agree with their first argument, we should reach the merits of their motion and hold that the Arizona courts lacked personal jurisdiction over them. While defendants' Oregon case was pending, the Arizona trial court denied their motion to set the Arizona judgment aside, holding that it had personal jurisdiction over them. The Arizona Court of Appeals affirmed, and the Arizona Supreme Court denied review.[2]

After learning of the Arizona courts' decisions, we asked counsel to address whether we may take judicial notice of those decisions and, if so, whether the Full Faith and Credit Clause precludes defendants from relitigating the issue of personal jurisdiction in Oregon. In response to our questions, defendants acknowledge that we "may take judicial notice" of the Arizona courts' decisions. OEC 201(c); OEC 202.[3] Focusing on the word "may," however, defendants argue that we should not exercise our discretion to take judicial notice because the evidence clearly shows that the Arizona courts lacked jurisdiction over them. Defendants acknowledge that, if we do take judicial notice of the Arizona decisions, the Full Faith and Credit Clause precludes relitigation of the question whether Arizona had personal jurisdiction over them.[4]

The legislative commentary to OEC 201(c) explains that "a court may refuse to take judicial notice of a fact" when counsel has not brought that fact to the court's attention. Laird C. Kirkpatrick, *Oregon Evidence* 201.03, Art II-17 (4th ed 2002) (quoting legislative commentary).[5] As the commentary suggests, the usual grounds under OEC 201(c) for

---

[2] The Arizona Court of Appeals opinion is unpublished.

[3] OEC 201(c) provides that a "court may take judicial notice, whether requested or not." OEC 202(1) provides that a court may take judicial notice of "[t]he decisional, constitutional and public statutory law of Oregon, the United States, and any state, territory or other jurisdiction of the United States."

[4] We appreciate defendants' candor in advising us of precedent that is contrary to their position.

[5] More specifically, the case that the commentary cites for this proposition holds that an appellate court will not reverse a trial court for failing to take judicial notice of a fact that was not brought to its attention. *See Stites v. Morgan*, 229 Or 116, 121, 366 P2d 324 (1961).

declining to take notice of an otherwise judicially noticeable fact involve the procedural posture in which the issue arises. Here, the Arizona courts' decisions are judicially noticeable, *see* OEC 202(1); the parties have had an opportunity to be heard on the propriety of taking judicial notice, *see* OEC 201(e); and we perceive no procedural reason why we should not take judicial notice of the Arizona courts' decisions. We also note that the reason that defendants advance for not taking notice of those decisions—that they were decided incorrectly—is at odds with the principle underlying the Full Faith and Credit Clause. *See Fauntleroy v. Lum*, 210 US 230, 237, 28 S Ct 641, 52 L Ed 1039 (1908) (holding that the Full Faith and Credit Clause required the Mississippi courts to give effect to a Missouri court's judgment even though it was based on a misapprehension of Mississippi law). We accordingly exercise our discretion to take judicial notice of the Arizona courts' decisions.

Having taken judicial notice of the Arizona decisions, we agree that the Full Faith and Credit Clause precludes relitigation of the question whether the Arizona courts had personal jurisdiction over defendants. *See Durfee v. Duke*, 375 US 106, 111, 84 S Ct 242, 11 L Ed 2d 186 (1963) (when the foreign state's jurisdiction has been litigated and decided, that decision is entitled to full faith and credit). We accordingly affirm, on a different ground, the trial court's order denying defendants' motion to set aside the judgment.

Affirmed.